In re TROUTMAN & JESSE et al.

(District Court, W. D. Kentucky.   October, 1917.)

1. BANKRUPTCY ☞413(3)—DISCHARGE—SPECIFICATION OF OBJECTIONS.
   A specification of objections to discharge, asserting that the bankrupts obtained property on credit from the objecting creditor on a materially false statement in writing, made for the purpose of obtaining property on credit, is objectionable, where there is no specification or statement of what property was thus obtained.

2. BANKRUPTCY ☞415(2)—OBJECTIONS TO DISCHARGE—REPORT OF REFEREE.
   Where the referee, who heard objections to the bankrupts' petitions for discharge, merely reported the testimony, but failed to find any conclusion, the court may either find the ultimate facts or refer the matter back to the referee, with instructions to find and report the same; that being the more approved practice.

3. BANKRUPTCY ☞407(5)—DISCHARGE—OBTAINING GOODS ON MATERIALLY FALSE FINANCIAL STATEMENT.
   To deny discharge on the ground that the bankrupts obtained credit by false financial statement, it must appear that the bankrupts obtained property from the objecting creditor on credit, upon a materially false statement in writing to such creditor, for the purpose of obtaining such property on credit, and that the writing so made was that set forth in the specifications.

4. BANKRUPTCY ☞414(1)—DISCHARGE—BURDEN OF PROOF.
   A creditor, objecting to discharge on the ground that the bankrupts obtained credit on a false financial statement, has the burden of establishing that fact by clear and convincing evidence, and, unless the burden is met, discharge should not be denied.

In Bankruptcy.   In the matter of the bankruptcy of Troutman & Jesse and others.   The Ahlbrand Carriage Company, a creditor corporation, specified objections to the bankrupts' petitions for discharge. On referee's report on objections.   Matter referred to referee for supplemental or amended report.

E. B. Anderson, of Owensboro, Ky., for creditors.
James J. Sweeney, of Owensboro, Ky., for bankrupts.

WALTER EVANS, District Judge.  The bankrupts have filed petitions for discharge and the Ahlbrand Carriage Company, a creditor corporation, has specified objections thereto in this language:

"That said bankrupts obtained property on credit from said Ahlbrand Carriage Company upon a materially false statement in writing made to the

said Ahlbrand Carriage Company for the purpose of obtaining such property on credit. Said statements so made in writing to obtain further credit are as follows:

"March 10, 1914.

| "Assets | $41,000 | Stock on hand | $20,000 |
| Liabilities | 8,000 | Notes and % | 21,000 |
| | | Total | $41,000 |

"Owensboro, Ky., July 14, 1914.

"Ahlbrand Carriage Co., Seymour, Indiana:

"With a view of you extending us credit to the extent of a carload of buggies specified for by your Mr. Tunley, we are pleased to herewith enclose statement of our assets and liabilities:

| "Assets. | | Liabilities. | |
| Cash in bank | $184.00 | On notes given for merchandise past due | $2,631.11 |
| Merchandise at cost | 22,500.00 | | |
| Notes receivable | 11,531.45 | On notes given for merchandise not due | 8,183.06 |
| Accounts receivable | 4,847.53 | | |
| Homestead R. S. Jesse and Troutman | 9,000.00 | Open accounts due | 1,477.72 |
| | | Accounts not due | 5,223.61 |
| Other real estate | 3,500.00 | | |
| | | Net balance | $33,947.49" |

The applicable statutory provisions contained in section 14b (3) are as follows:

"Obtained money or property on credit upon a materially false statement in writing made by him to any person or his representative for the purpose of obtaining credit from such person."

[1, 2] While the creditor asserts that the "bankrupts obtained property on credit" from the objecting creditor "upon a materially false statement in writing made to" it "for the purpose of obtaining such property on credit," there is no specification or statement of what the property thus obtained, was. Upon this ground the specifications might have been open to serious objection or criticism as to their sufficiency; but no objection was made by the bankrupts upon that ground, and the matter, in the ordinary way, was, under General Order No. 12, clause 3, referred to the referee "to ascertain and report the facts." Though the referee made a report, which is now before us for confirmation, he only reported the testimony, and his failure to reach any definite conclusion thereon. In this situation two courses are open, namely, either, first, to refer the matter back to the referee with instructions to find and report the ultimate facts upon the testimony and the applicable rules of law; or, second, to find them ourselves. There are excellent reasons for pursuing the former course, so that the report of the referee (whose work, in this respect, is analogous to that of a master) may be given its due and usual weight. This, we think, is the better practice.

[3, 4] The statutory elements of the grounds for opposing the discharges in this case, and which elements must all be shown to exist and to coexist, are: (1) That the bankrupts obtained the property from the objecting creditor; (2) on credit; (3) upon a materially false statement; (4) in writing; (5) to said creditor; (6) for the purpose of obtaining such property on credit; and (7) that the writing so made by

the bankrupts was that which is set forth in the specifications. The rules of law in such cases are plain enough and may be stated thus:

"The burden of proof is on the objecting creditor to establish by clear and convincing evidence, his objection." 2 Loveland on Bankruptcy (4th Ed.) § 736.

This rule has always been applied in this district, and our views were expressed in the case of Brockman (D. C. Ky.) 21 Am. Bankr. Rep. 251, 253, 168 Fed. 1015, 1017, where we said:

"Having otherwise complied with the act, * * * the bankrupt must be discharged unless some one or more of the objections thereto (if they come within the statute) has been sustained by the evidence. The objecting creditors allege certain facts to exist. The law plainly puts upon them the burden of proving the truth of what they assert, and, whether or not they should prove those assertions to the exclusion of a reasonable doubt, they must certainly prove them to the satisfaction of the court. Insignificant amounts are involved in some of the objections, and the vague and conjectural character of others of them is noticeable; but I agree with the referee in his conclusion that no one of the objections has been shown to be true or well founded."

Bearing in mind these rules, and the statutory basis of the objection in connection with the testimony, the referee should report what he has ascertained to be the facts. If the objecting creditor has met the burden upon it, the referee should find the facts that way; but manifestly his report should be otherwise, if that burden has not been adequately and fairly met. In other words, the referee should find that the objections have not been established, unless the evidence satisfies him to the contrary.

An order will be made referring the matter back to the referee for a report as to what he has, upon the testimony, ascertained to be the facts. If he cannot ascertain the facts to be as stated by the objecting creditor, the objection is not sustainable.

The question of discharge will be determined upon the coming in of the supplemental or amended report.